UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
CHANDAR BINGHAM,               :
                               :   CIV. NO. 20-9775 (RMB-JS)
          Plaintiff            :
                               :
     v.                        :   MEMORANDUM AND ORDER
                               :
FEDERAL BUREAU OF PRISONS,     :
et al.,                        :
                               :
          Defendants           :
_____
```

Plaintiff Chandar Bingham, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix") filed a petition seeking emergency relief on August 3, 2020. (Compl., Dkt. No. 1; Affidavit, Dkt. No. 1-1.) Plaintiff seeks release from FCI Fort Dix based on alleged civil rights violations caused by the conditions of his confinement. (Id.) Plaintiff alleges he is confined with approximately 25 inmates in second floor housing, Unit 5703, after testing negative for COVID-19 and having been placed in quarantine pending release to a halfway house or home confinement. (Id.) Plaintiff alleges that the second floor housing unit lacks air conditioning and the unbearable temperatures are causing inmates to suffer heat exhaustion. (Id.) He further alleges there is inadequate ventilation; mold and dust exposure, causing respiratory illness; no clean water; bug and rodent infestation; inadequate food trays

for the number of inmates; no laundry; no recreation; no law library; no ability to communicate grievances to the administration; and inadequate protection against staff spreading COVID-19. (Pet., Dkt. No. 1; Affidavit, Dkt. No. 1-1.) Plaintiff alleges that inmates cannot breathe and are starving. (Id.) Plaintiff does not assert a basis for jurisdiction. Although Plaintiff seeks release from confinement, for the reasons discussed below, the Court construes Plaintiff's filing as a civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Although a habeas petition under § 2241 is the proper vehicle to seek earlier release from prison to correct an error in the BOP's execution of a prisoner's sentence, such relief is limited to instances where the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Plaintiff has not alleged that the BOP's conduct is inconsistent with a command or recommendation in the sentencing judgment.

Alternatively, a federal prisoner may challenge an unconstitutional condition of confinement in a Bivens action, although injunctive relief of release from prison is limited by 18 U.S.C. § 3626(a)(3). The Court construes Plaintiff's filing as a Bivens action but Plaintiff must either pay the $400 filing and

2

administrative fees or file an application to proceed without prepayment of the fee under 28 U.S.C. § 1915(a). Based on Plaintiff's request for emergency relief, much of it seeming not plausible, which the Court construes as a motion for a preliminary injunction, the Court will direct the Warden of FCI Fort Dix to file a response to Plaintiff's motion for a preliminary injunction prior to the Court's receipt of the filing fee or Plaintiff's IFP application. The complaint remains subject to screening under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C § 1997e(c)(1), once Plaintiff submits the filing fee or his IFP application.

**IT IS** on this **6th day of August 2020**,

**ORDERED** that the Clerk shall file the Complaint (Dkt. No. 1); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights);" and it is further

**ORDERED** that Plaintiff shall submit to the Clerk of Court, as soon as possible and no later than seven days from the date of entry of this Order; (1) a complete, signed *in forma pauperis* application for a civil rights (Bivens) action or (2) the $400 filing fee; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall serve a copy of the Complaint (Dkt. Nos. 1 and 1-1) and this Order upon the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov, and upon the Warden of FCI Fort Dix, by regular U.S. mail; and it is further

**ORDERED** that Defendant Warden of FCI Fort Dix shall file a response to Plaintiff's motion for a preliminary injunction, addressing the most pressing of allegations, specifically starvation and heat exhaustion, as soon as possible and not more than seven days from the date of entry of this Order; the Court will set a deadline for defendant's answer to the complaint upon conclusive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**